UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BENFORD DELONEY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>C.O. STEWART, *et al.*,<br><br>　　　　　　Defendants. | Case No. 22-cv-11455<br>Honorable Bernard A. Friedman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE AND DENYING AS MOOT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 23, 25)**

I. **Introduction**

Plaintiff Benford Deloney, a prisoner proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that defendants violated his First and Eighth Amendment rights. ECF No. 1. The Honorable Bernard A. Friedman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 16.

Defendants Corizon Health Care and employees of the Michigan Department of Corrections (MDOC) moved for summary judgment in January 2023. ECF No. 23; ECF No. 25. The Court ordered Deloney to

respond to Corizon's motion by February 15 and to the MDOC defendants' motion by February 21.  ECF No. 24; ECF No. 26.  Deloney responded to neither motion, and the order directing his response to Corizon's motion was returned as undeliverable.  ECF No. 29.  The order was mailed to Deloney's address of record in Flint, Michigan, but the postmark stated the address was vacant.  *Id.*  The Court ordered Deloney to show cause why his claims should not be dismissed for the reasons described in the dispositive motions or for failure to prosecute, warning that failure to respond "may result in a recommendation to dismiss the case."  ECF No. 31.  Deloney still did not respond.

The record shows that Deloney's address of record is vacant but that he did not notify the Court of his change of address.  Shortly after Deloney filed his complaint, the Court informed him of his obligation under Local Rule 11.2 to notify the Court of an address change and warned that failure to do so could result in the dismissal of his case.  ECF No. 4.  Deloney has failed to comply with Rule 11.2 and has not responded to the motions or orders served at his address.

The Court thus **RECOMMENDS** that Deloney's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute and that Corizon's

and the MDOC defendants' motions for summary judgment be **DENIED** as moot.  ECF No. 23; ECF No. 25.

II.     Analysis

A.

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b).  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").  The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).  And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing the case unless good cause is shown."  E.D. Mich. LR 41.2 (cleaned up).  Dismissal for want of prosecution is ordinarily with prejudice.  Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. Although Deloney is proceeding pro se, and thus is held to less stringent standards, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "Pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)) (cleaned up).

Analysis of the *Knoll* factors supports dismissal. For the first factor, Deloney is at fault because he failed to respond to the dispositive motions and court orders. The motions and orders were served at Deloney's address of record. While Deloney may not have received the filings, that is because he failed to provide the Court with an updated address, showing willfulness or fault on his part. After invoking the processes of this Court,

Deloney had an affirmative duty to apprise the Court of his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012).

Although there is no evidence that defendants were prejudiced by Deloney's inaction, the third and fourth factors weigh heavily in favor of dismissal. As to the third factor, Deloney was warned that his failure to notify the Court of a change of address could result in dismissal of his action. ECF No. 4. And there is no less drastic sanction available because Deloney has failed to respond to filings as ordered, even after being warned that his failure to respond could lead to the dismissal of his complaint. "[D]ismissal is the only appropriate remedy because [Deloney] has effectively abandoned the case." *Gomez v. Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich. Apr. 2, 2020), *adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (cleaned up).

One last wrinkle must be addressed. Corizon has filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (*In re Tehum Care Servs., Inc.*, Case No. 23-90086 (CML)). ECF No. 30. Under 11 U.S.C. § 362(a), the bankruptcy petition automatically stays these proceedings against Corizon. Still, a district court may dismiss claims against a debtor for failure to prosecute without violating the stay.

*O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1110 (9th Cir. 2006) ("[T]he dismissal for failure to prosecute was not void because it did not constitute a 'continuation' of a judicial proceeding against the debtor under 11 U.S.C. § 362(a)(1)."). Here, as in *O'Donnell*, dismissal is consistent with the purpose of the stay because it does not intrude on Corizon's "breathing space" or "threaten other creditors by giving preference to [Deloney]." *See id.*

### III. Conclusion

The Court **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE** and that defendants' motions for summary judgment be **DENIED** as moot (ECF No. 23, 25).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 16, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 16, 2023.

             s/Marlena Williams
             MARLENA WILLIAMS
             Case Manager